UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CRAIG FRANCIS SZEMPLE,<br><br>      Plaintiff,<br><br>  v.<br><br>CORRECTIONAL MEDICAL SERVICE, et al.,<br><br>      Defendants. | Civil Action No. 19-13414 (JMV/JBC)<br><br>**ORDER** |

On or about May 24, 2019, *pro se* Plaintiff Craig Francis Szemple, an inmate incarcerated at Northern State Prison ("NSP")[1] in Newark, New Jersey, initiated this action via the filing of a complaint in which he asserts numerous claims related to the conditions of his confinement. (*See* DE 1.) Szemple also concurrently filed a motion for appointment of *pro bono* counsel (at DE 2) and applied to proceed in this case without prepayment of fees or security pursuant to 28 U.S.C. § 1915 ("*in forma pauperis*" or simply, "IFP"). (DE 1-2.)

On June 10, 2019, the Court denied Szemple's IFP application pursuant to the "three strikes" rule, *see* 28 U.S.C. § 1915(g), and administratively terminated this action. (DE 3.) On July 11, 2019, Szemple paid the $400.00 fee required to file his complaint. This matter has therefore now been reopened.

Szemple's complaint nonetheless remains subject to *sua sponte* screening by the Court. *See* 42 U.S.C. § 1997e(c)(1) ("The court shall on its own motion or on the motion of a party dismiss

---

[1] Szemple's pleading is inconsistent on this point. While the heading to his complaint identifies his address of record as NSP (*see* DE 1 at 1), the substance of Szemple's pleading expressly alleges that he is instead confined at East Jersey State Prison, in Rahway, New Jersey. (*Id.* at 2.) That said, New Jersey Department of Corrections' publicly available "offender search" records indicate that Szemple is presently confined at NSP.

any action brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief."). Szemple's complaint will be screened in due course. The Clerk shall not issue summons to Szemple until that screening is complete.

In addition, Szemple's motion for appointment of *pro bono* counsel is denied at this time. Generally, civil litigants have no constitutional or statutory right to counsel. *See United States v. Zoebisch*, 586 F. App'x 852, 856 (3d Cir. 2014). District courts nonetheless have broad discretion to request the appointment of attorneys to represent *indigent* civil litigants in appropriate circumstances. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to any person unable to afford counsel"); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993) (identifying factors to be considered in determining whether to "appoint [*pro bono*] counsel to represent an *indigent* litigant in a civil case") (emphasis added); *accord Parham v. Johnson*, 126 F.3d 454, 457 (3d Cir. 1997) ("the *Tabron* court delineated various factors to aid district courts in determining when it is proper to appoint counsel for an *indigent* litigant in a civil case.") (emphasis added).

Here, Szemple has not sufficiently established his indigency. Indeed, just over a month after the Court denied his IFP application, Szemple paid the $400.00 filing fee, in its entirety. Szemple may, nonetheless renew his *pro bono* application if the Court, after screening his complaint, determines that any of Szemple's claims have "some merit in fact and law."[2] *Tabron*, 6 F.3d at 15.

---

[2] The Court emphasizes that Szemple will still be required to, at that time, sufficiently establish his indigency. In so doing, the Court expects that he will provide a then-current prison account statement as well as a full and complete listing of all other assets.

For these reasons, and good cause otherwise appearing,

**IT IS** on this 12th day of July, 2019,

**ORDERED** that **SUMMONS SHALL NOT ISSUE** in this matter until the Court completes its requisite screening of Szemple's complaint; and it is further

**ORDERED** that Szemple's motion for the appointment of *pro bono* counsel (at DE 2) is **DENIED**; and it is further

**ORDERED** that the Clerk of the Court shall send a copy of this Order to Szemple by regular U.S. mail.

s/ John Michael Vazquez
JOHN MICHAEL VAZQUEZ
United States District Judge
