<u>**NOT FOR PUBLICATION**</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| CRAIG FRANCIS SZEMPLE, | |
| Plaintiff, | Civil Action No. 19-13414 (JMV) (JBC) |
| v. | |
| CMS, et al., | **OPINION** |
| Defendants. | |

**VAZQUEZ, District Judge:**

Plaintiff, a state prisoner, is proceeding *pro se* with a civil rights Complaint pursuant to 42 U.S.C. § 1983. For the reasons stated in this Opinion, the Court will dismiss Plaintiff's Complaint without prejudice for failure to state a claim and for failure to comply with Federal Rule of Civil Procedure 8.

### I. BACKGROUND

This case arises from Plaintiff's incarceration at various state prisons within New Jersey. Plaintiff has been incarcerated since 1994 and is "serving three life sentences for convictions on two counts of murder and one count of aggravated manslaughter." *Szemple v. New Jersey Dep't of Corr.*, No. A-2324-09T2, 2012 WL 3640771, at *1 (N.J. Super. Ct. App. Div. Aug. 27, 2012).

Plaintiff names the following parties as Defendants in this matter: (1) CMS; (2) UMDNJ/UCHC; (3) Dr. Abu Ashan; (4) Dr. Wu; (5) John Hochberg; (6) Dr. Hershkowitz; (7) Dr. Paul Talbot; (8) Dr. Acherbe; (9) Md Herbert Smyczek; (10) Gary Lanigan; (11) Cavasco; (12) Farrell; (13) Administrator Ricci; (14) Mr. Stokes; (15) Mr. Hauck; (16) ACSU Manager Powers; (17) Administrator Mee; (18) Sgt. Sweeney; (19) Loillard Inc.; (20) R.J. Reynolds, Inc.; (21)

Brown & Williamson, Inc.; (22) American Tobacco, Inc.; (23) Sharmalie Perera; (24) Sandra Conolloy; and (25) John Does 1-10.

Since 1994, Plaintiff was primarily incarcerated at New Jersey State Prison. Although Plaintiff never smoked cigarettes, he contends that he was exposed to second and third hand smoke, which caused him to develop severe coronary artery disease. (D.E. 1, at 7.) In 2001, the disease required heart surgery and caused Plaintiff to lose more than 40% of his heart function. (*Id*.) After the surgery, staff and other inmates who smoked at the various institutions continued to expose Plaintiff to second and third hand smoke. Plaintiff alleges that unspecified Defendants refused to place him in a single cell, or otherwise keep him in a smoke free environment. (*Id*. at 8.)

In May of 2010, Plaintiff reentered New Jersey State Prison after spending approximately two years at East Jersey State Prison and eighteen months at Northern State Prison. (*Id*. at 9–10.) At Eastern and Northern State Prisons, staff housed Plaintiff with inmates who smoked during that entire duration, "in total disregard for the Plaintiff's medical and health problems." (*Id*. at 10.)

Upon his return to New Jersey State Prison in 2010, staff housed Plaintiff in a wing with six smokers, despite Plaintiff's complaints, for an unspecified amount of time. (*Id*.) Plaintiff contends that all of that exposure to cigarette smoke and other unspecified "medical malpractice, deliberate indifference and negligence . . . caused Plaintiff's health to rapidly decline" in a litany of ways. (*Id*. at 11.) Ultimately, he alleges that "the cumulative result is a tragic reduction in" Plaintiff's lifespan and quality of life. (*Id*.) At some point, however, Plaintiff returned to Northern State Prison, where he currently resides. The Complaint does not describe any of his current conditions at Northern State Prison.

Plaintiff also filed suit against a number of tobacco companies because they are "complicit in this matter because they know that their products kill and afflict lives directly as well as

indirectly and have not taken any proactive steps to assist inmates and civilians inside these institutions to stop smoking." (*Id*. at 13.)

On May 24, 2019, Plaintiff filed the instant, seventeen-count Complaint, seeking damages for violations of his First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment rights, and various state law causes of action.

## II.   STANDARD OF REVIEW

District courts must review complaints in civil actions in which a prisoner files suit against "a governmental entity or officer or employee of a governmental entity" and in cases where the plaintiff is proceeding *in forma pauperis*. *See* 28 U.S.C. §§ 1915A(a), 1915(e)(2).  District courts must *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b), 1915(e)(2).  When considering a dismissal for failure to state a claim on which relief can be granted, courts apply the same standard of review as that for dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6).  *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012).

Consequently, to survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the [alleged] misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, while courts liberally construe *pro se* pleadings, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

In addition to these pleading rules, a complaint must satisfy Federal Rule of Civil Procedure 8(a), which states that:

> (a) A pleading that states a claim for relief must contain[:] (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

"Thus, a *pro se* plaintiff's well-pleaded complaint must recite factual allegations which are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a 'short and plain' statement of a cause of action." *Johnson v. Koehler*, No. 18-00807, 2019 WL 1231679, at *3 (M.D. Pa. Mar. 15, 2019). In other words, Rule 8 requires a showing that the plaintiff is entitled to relief in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id*. (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)).

### III.   DISCUSSION

With the principles above in mind, the Court finds that the Complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a claim. As discussed above, Rule 8 requires the Complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Even liberally construing the Complaint, Plaintiff fails to simply or directly allege what his claims are against any particular Defendant and fails to provide fair notice of the grounds on which he intends to rest his claims.

Although the Complaint gives an overview of events that occurred from 1994 through 2010, it contains few allegations specific to any particular Defendant. The Complaint is instead, a collection of bare conclusions against the Defendants, which are insufficient to state a claim for

relief. *See, e.g.*, *Kaplan v. Holder*, No. 14-1740, 2015 WL 1268203, at *4 (D.N.J. Mar. 18, 2015) (citing *Iqbal*, 556 U.S. at 678).

The Court gleans that Plaintiff believes that Defendants have violated his rights by playing some part in his exposure to cigarette smoke, or medical treatment, or both. He fails, however, to allege specifically how or when any particular Defendant violated his rights, over a more than sixteen-year period. *See, e.g.*, *Cooper v. Link*, No. 18-4481, 2018 WL 6528170, at *5 (E.D. Pa. Dec. 12, 2018) ("[Plaintiff] cannot move forward on his Complaint as pled because it is not clear what each Defendant did to violate his rights.").

For example, Plaintiff contends that unnamed Defendants "refused" to place him in a single cell or smoke free environment, but fails to specify who refused Plaintiff's requests, when those refusals took place, or any other circumstances related to the refusals. (D.E. 1, at 8.) Similarly, Plaintiff concludes that all of the Defendants failed to adequately train or supervise unspecified Defendants. Plaintiff fails to explain which parties are involved, how the supervisors failed to supervise or train, or how and when those subordinates violated Plaintiff's constitutional rights. (*See* D.E. 1, at 27–29.)

Additionally, as to the medical Defendants, Plaintiff contends that they committed medical malpractice, were negligent, and were deliberately indifferent, but fails to allege any facts to support those conclusions. The remainder of Plaintiff's Complaint follows the same pattern. Plaintiff names a number of Defendants, if not all of the Defendants, and then concludes that they violated his rights, without alleging any facts to support those conclusions.

As a result, the Complaint in its current form "would not provide any meaningful opportunity for the Defendants to decipher or answer the vague allegations levied against them." *Koehler*, 2019 WL 1231679, at *3; *see Twombly*, 550 U.S. at 555. Consequently, the Court will

disregard the Complaint's "naked assertions devoid of further factual enhancement," *Iqbal*, 556 U.S. at 678, and dismiss the Complaint, without prejudice, for failure to state a claim and for failure to comply with Rule 8.

Additionally, although not necessary to the Court's disposition, the Court observes that Plaintiff's allegations take place from 1994 through 2010, well over two years before Plaintiff filed the Complaint on May 24, 2019.  The statute of limitations on § 1983 and personal injury claims in New Jersey is two years. *Briggs v. Becker*, No. 18-16773, 2019 WL 2022372, at *2 (D.N.J. May 8, 2019).  Consequently, assuming Plaintiff had otherwise properly pleaded his claims, the statute of limitations would bar all § 1983 and personal injury claims that began to accrue before May 24, 2017, absent other considerations such as equitable or statutory tolling. *See id.* (detailing examples of statutory and equitable tolling).  Accordingly, if Plaintiff wishes to pursue those earlier allegations and believes he can assert facts that warrant tolling, he must include the basis for such tolling in his motion to reopen.

### IV. CONCLUSION

For the reasons set forth above, the Court will dismiss Plaintiff's Complaint without prejudice.  The Court shall give Plaintiff thirty days to file an amended complaint to cure the deficiencies discussed above.  An appropriate Order follows.

Dated: 11/19/2020

                                                                             JOHN MICHAEL VAZQUEZ
                                                                             United States District Judge